STATE and MARY HARGETT *v.* JESSE W. BROADWAY.

On the trial of issue of bastardy, the impotency of the putative father, if true and proven, would be a complete and satisfactory defence; it is therefore error in the Judge below to reject any competent evidence, introduced for the purpose of proving that the putative father was impotent at the time the child is alleged to have been begotten.

BASTARDY, tried upon issues, at Fall Term, 1872, of LE-NOIR Superior Court, before *Clarke, J.*

The case, as settled by counsel, states that in his charge to the jury, " his Honor went on to say that they need not inquire whether the defendant, Broadway, was able to get a child or not, for the son of the defendant was a witness and present in Court, by acknowledging whom, as his own, defendant admitted his ability to get a child, to which defendant excepted.

There was a verdict against the defendant, whereupon the defendant appealed to the Supreme Court."

*Smith & Strong,* for defendant.
*Attorney General Hargrove,* for the State.

SETTLE, J.   The case settled by counsel is so imperfectly stated as to leave us somewhat in doubt as to the facts upon which his Honor gave the charge complained of.

But we take it that upon the trial of an issue of bastardy the defendant offered to prove that he was impotent at the

time the child was begotten, and that his Honor rejected the evidence, and in his charge to the jury said that "they need not inquire whether the defendant was able to get a child or not, for the son of the defendant was a witness and present in Court, by acknowledging whom, as his son, defendant admitted his ability to get a child."

The impotency of the defendant, if true and proven, would have been a complete and satisfactory defence to the charge, and it was no answer to that defence to say that he had been the father of another child at an earlier period of his life.

The age of the son, whom he acknowledged, is not stated, but as he was a witness in Court, we are to infer that several years had elapsed between his birth and the 20th of September, 1869, when Mary Hargett charged the defendant with the paternity of her child, then not born.

It will not do to infer that the vigor and manhood of youth is always an attendant upon more advanced years.

There was error.

PER CURIAM.                                                 *Venire de novo.*